IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SEAN ALAIMO, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC.,<br><br>Defendant. | Case No. |

## COLLECTIVE ACTION COMPLAINT

By and through his undersigned counsel, Plaintiff Sean Alaimo, individually and on behalf of all others similarly situated, hereby brings this Collective Action against Albertsons Companies, Inc., to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters:

### JURISDICTION AND VENUE

1. The subject matter jurisdiction of the Court is invoked pursuant 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue lies in in this District pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this District.

## PARTIES

3. Plaintiff Sean Alaimo is an adult resident of Haverhill, Massachusetts who has worked at the Methuen Distribution Center, a subsidiary of Albertsons Companies, Inc. for approximately 25 years.

4. Defendant Albertsons Companies, Inc. ("Albertsons") is a Delaware corporation with headquarters at 250 E. Parkcenter Blvd, Boise, ID 83706. Albertsons is one of the largest food and drug retailers in the United States. Albertsons operates approximately 2,200 hundred stores across the country under several names, including Albertsons, Shaw's and Star Market. Albertsons also operates 22 distribution centers including Methuen, MA and Wells, ME.

## STATEMENT OF FACTS

5. In early January 2020, China identified a novel coronavirus, commonly referred to as Covid-19. By January 31, 2020, the World Health Organization had declared a global health emergency. The same day, the United States declared a public health emergency for the nation. By March, many local and state governments were implementing lockdowns and strict social distancing requirements in an effort to slow the spread of the deadly virus. Businesses that could transitioned to virtual work, and many Americans found themselves working at home with orders not to interact with anyone outside their household.

6. However, many workers continued to show up to work in person, because the country depended on their labor for food, safety, and healthcare. These frontline workers faced hazardous working conditions as Covid-19 was primarily spread through in-person contact and masks and other PPE were in limited supply.

7. Grocery store workers and grocery warehouse workers were two of the categories of workers deemed essential workers by the U.S. government. A number of stores and

warehouses, including Albertsons, LLC, Shaw's and the Methuen and Wells Distribution Centers introduced hazard premiums during this time, recognizing that these frontline workers were exposing themselves to danger each time they showed up at work to keep the country fed.

8. Albertsons instituted an "Appreciation Pay"—an additional two dollars ($2.00) per hour on March 20, 2020.

9. Plaintiff and those similarly situated were eligible for and did receive the $2.00 premium pay authorized by Albertsons.

10. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

11. Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid overtime for those hours but at a rate that does not include the two-dollar ($2.00) per hour hazard pay.

12. For example, Plaintiffs' pay period 3/15/2020-3/21/2020, shows a regular rate of $23.60 and an overtime rate of $35.40, which is one-and-one-half the stated regular rate. Plaintiffs also earned the two-dollar an hour ($2.00) Appreciation Pay on this pay stub. However, this overtime rate does not account for the $2.00 per hour hazard premium instituted by Albertsons.

13. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of renumeration including "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work." 29 C.F.R. §778.207(b).

14. As a result of Defendant's violations of the Fair Labor Standards Act, Defendant

is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COLLECTIVE ACTION ALLEGATIONS UNDER
## THE FAIR LABOR STANDARDS ACT

15. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all Albertsons, Shaw's, and Methuen and Wells Distribution Center employees ("Hourly Workers") who (a) were eligible for and received the $2 per hour hazard pay and (b) whose overtime rates during did not account for their hazard pay as required by FLSA and its implementing regulations.

16. Plaintiff and Collective Action Members are "similarly situated" as that term is used 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive the premium pay but such pay was not considered a part of their regular rate for determining overtime as statutorily required.

17. Resolution of this action requires inquiry into common facts.

18. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

19. Conditional certification of this case as a collective action pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or

interest, and attorneys' fees and costs under the Fair Labor Standards Act.

20. There are many similarly situated current and former Shaw's employees who have not been paid their statutorily-required overtime rates and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

## COUNT 1
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

21. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

22. Albertsons Companies, Inc. is an employer within the meaning of 29 U.S.C § 203(d).

23. Plaintiff is an employee within the meaning of 29 U.S.C C 203(e).

24. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of renumeration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. The $2-per-hour premium instituted by Defendant does not fall into any of those exceptions. Additionally, FLSA implementing regulations make clear the regular rate of pay includes "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work." 29 C.F.R. §778.207(b).

25. Shaw's failed to include the hazard premium into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this renumeration in overtime computations violates Section 7(a) of the FLSA, because Defendants' employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

26. At all relevant times, Defendant had a policy and practice of willfully refusing to

pay Plaintiff and all Collective Action Members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

27. As a result of Defendant's willful failure to compensate Plaintiff and the Collective Action Members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.  Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's violations of FLSA, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received during the relevant time period and the overtime they did receive during the time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

29. Plaintiff and all others similarly situated are entitled to back pay and liquidated damages in an amount equal to their back pay, as well as reasonable attorney's fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment as follows:

    a.    Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C.

§ 216(b), and an order directing Defendant to provide to Plaintiff a list of all persons employed by them who were eligible for and did receive the $2 Appreciation Pay and overtime hours on at least one pay check. This list shall include the last known address, email, and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate;

      b.      A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

      c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

      d.      An award of recovered backpay and an equal amount in liquidated damages;

      e.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

      f.      An award of prejudgment and post-judgment interest;

      g.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff; and

      h.      Such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        SEAN ALAIMO, *Individually and on behalf of all others similarly situated*,

        By their attorneys,

        /s/Tod A. Cochran
        Tod A. Cochran, BBO #643165
        PYLE ROME EHREBERG PC
        2 Liberty Square, 10th Floor
        Boston, MA 02109
        (617) 367-7200
Dated: May 9, 2022        tcochran@pylerome.com